# ROBINSON, WETTRE & MILLER LLC

Attorneys at Law
One Newark Center
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2760
www.rwmlegal.com

October 30, 2009

BY ECF AND BY TELECOPIER

Honorable Madeline Cox Arleo
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:   *Tullett Prebon, plc v. BGC Partners, Inc.*
           Civ. No.: 09-5365-SDW-MCA

Dear Judge Arleo:

    My Firm was retained yesterday to assist Friedman Kaplan Seiler & Adelman LLP in representing defendant BGC Partners, Inc. in the above-referenced action. I write to address certain allegations raised in a letter, dated October 28, 2009 submitted to Your Honor by Tullett Prebon, plc seeking a conference aimed at the preservation of electronic evidence.

    Immediately upon receipt of the Tullett Prebon letter, my co-counsel and I spoke with Tullett Prebon's counsel to advise them that BGC had already implemented an extensive document preservation protocol. We invited Tullett Prebon's counsel to meet and confer to establish a bilateral protocol without the need for judicial involvement.

    I was surprised to learn that rather than reaching out to BGC to engage in preservation-related dialogue, Tullett Prebon had instead electronically filed its letter, sending a copy to BGC's General Counsel only by overnight courier for delivery the next day. This was

801117.3

particularly noteworthy given that Tullett's New York counsel had previously received assurances from my co-counsel that all documents related to the allegations in this dispute would be preserved. This commitment was made more than two months ago, when Tullett Prebon's subsidiary Tullett Liberty Securities, LLC commenced an arbitration before FINRA against BGC's subsidiary, BGC Financial, L.P. setting forth allegations that are a near mirror image of Tullett Prebon's allegations in the Complaint before this Court.[1]

At or about the time of the commencement of the arbitration, my co-counsel received a letter, dated August 25, 2009, from Tullett Liberty's New York counsel, Schulte Roth & Zabel ("SRZ"), requesting that ,my co-counsel advise its "client (or clients), that they are to preserve and not destroy any and all documentary and other evidence relating to the claims asserted in the enclosed statement of claim. This, of course, includes electronic materials on home computers, blackberries, cell phones and similar devices." My co-counsel immediately acknowledged receipt of the letter, confirmed by e-mail that it was representing BGC Financial and made a reciprocal request of Tullett Liberty, as follows: "I trust that you will advise your client to preserve and not destroy any documentary or other evidence relating to the claims asserted in the statement of claim, and that your instruction to your client will cover the same hard copy and electronic materials referenced in your letter." SRZ responded in writing, "you betcha!"

---

[1] Tullett Prebon acknowledges in its Complaint (Paragraph 3), but not in its October 28 letter to Your Honor, that Tullett Liberty already filed this FINRA arbitration.

At no time subsequent to this standard exchange of preservation communications, has counsel from Tullett followed up on document preservation matters or expressed any concerns that documents were not being preserved.[2]

Although my Firm was retained only yesterday, co-counsel advises me they have been doing exactly what Tullett Liberty requested, and that our client and its affiliate have met and exceeded that request, implementing procedures that would satisfy any reasonable preservation obligation. Our client distributed litigation hold/preservation notices prior to receiving the August 25 letter from Tullett Liberty's counsel. Those notices were updated and distributed again on the date the letter was received. BGC also confirmed with counsel for the Tullett employees who had signed future-start contracts with BGC, but still worked at Tullett, that these employees had been instructed to preserve all potentially relevant material, including electronic material on their home computers, Blackberries, cell phones and similar devices. In addition to preserving physical and electronic documents, BGC has engaged a leading electronic discovery and forensic consulting vendor to image – *i.e.*, create copies of the data residing on – the Blackberries and cell phones of potentially relevant witnesses, including former Tullett employees once they were employed by BGC. Notwithstanding Tullett Liberty's assurances, BGC does not know whether Tullett has been engaging in similar efforts to protect and preserve potentially relevant data and information.

---

[2] In their October 28 letter to Your Honor, reference is made to concerns about alleged losses of Blackberry phones by a London-based BGC employee, which have been publicized in the London press, and which have been raised in a London litigation in which a Bench trial recently commenced. The allegations of spoliation in London relate to a time period months prior to the commencement of the FINRA arbitration and the document preservation request referenced herein.

My co-counsel and I suggest that rather than convene an expedited conference under judicial supervision, that the parties' counsel should meet and confer to implement a mutually acceptable document preservation protocol. To the extent that either party has unresolved concerns, those more narrowed issues could then be raised with the Court.[3]

Respectfully submitted,

ROBINSON, WETTRE & MILLER LLC

By: *Donald A. Robinson*
Donald A. Robinson

-and-

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

By: *Eric Seiler*
Eric Seiler
*Counsel for Defendant BGC Partners, Inc.*
*Pro Hac Vice Application to be Submitted*

cc: Joseph A. Boyle, Esq., Kelley Drye & Warren LLP (*by e-mail*)
Robert M. Abrahams, Esq., Schulte Roth & Zabel LLP (*by e-mail*)
*Counsel for Tullett Prebon, plc*

---

[3] The October 28 letter also references a desire to discuss "accelerated commencement of discovery." Based on our preliminary review of the Complaint, it is likely that BGC will seek the dismissal or stay of the entire action. We would likely oppose any formal motion for the commencement of expedited discovery. Tullett's counsel has made no proposal to us so rather than burden the Court, they should first raise any such request with us.