**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

200 KIMBALL DRIVE

PARSIPPANY, NEW JERSEY 07054

(973) 503-5900

FACSIMILE
(973) 503-5950
www.kelleydrye.com

DIRECT LINE: (973) 503-5920
EMAIL: jboyle@kelleydrye.com

November 24, 2009

**VIA ECF**

Honorable Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re: *Tullett Prebon, plc v. BGC Partners, Inc.*
       Civ. No.: 09-5365-SDW-MCA

Dear Judge Arleo:

  This firm represents, along with Schulte Roth & Zabel LLP, Tullett Prebon plc ("Plaintiff") in the above-referenced matter. We write in opposition to Defendant BGC Partners, Inc.'s ("Defendant") request to alter the time frames set forth in Your Honor's Letter Order of November 5, 2009 (the "November 5, 2009 Order"). Defendant seeks to avoid its responsibility, under the November 5, 2009 Order, to immediately begin the process of disclosure. Defendant fails to offer a legally supportable reason for its request.

  As this Court is aware, Plaintiff has expressed its desire to move this case along as quickly as possible. Indeed, on October 28, 2009 Plaintiff sought a Rule 16 conference shortly after filing its complaint. *See* Document No. 4. One of the reasons for this request was the continuing nature of the harm Plaintiff was suffering as a result of the conduct alleged in the Complaint. *Id.* at 2. While this Court did not grant the request, it did, in the November 5, 2009 Order, schedule the Rule 16 conference for Monday, January 4, 2010 and directed that the "early disclosure requirement of Fed. R. Civ. P. 26 will be enforced." Document No. 12 at 1. The Court further ordered immediate "exchange of certain information without a formal discovery request." *Id.*

  Defendant's tardy attempt to avoid its obligation under this Court's Order based on Rule 26(a)(1)(C) is misplaced as that section only applies when the disclosures are to be made "at or within fourteen days after the parties' Rule 26(f) conference." Here, Your Honor has ordered that, as of November 5, 2009, certain disclosures be made "immediately." Therefore, Defendant's Rule 26(a)(1)(C) argument should be rejected.

KELLEY DRYE & WARREN LLP

Honorable Madeline Cox Arleo, U.S.M.J.
November 24, 2009
Page Two

   To the extent Defendant makes a non-Rule 26 based legal argument to stay the November 5, 2009 Order, counsel fails to cite any authority to support that result. Defendant's contention that subject matter jurisdiction is lacking is no basis to stay these disclosures or otherwise stay this Court's November 5, 2009 Order. Moreover, neither Plaintiff nor Defendant are party to the referenced Financial Industry Regulatory Authority arbitration. Therefore, the fact that this arbitration is pending is of no moment. In either event, Defendant fails to cite a single case to support its contention that discovery should be stayed pending a yet to be filed motion to dismiss.

   Defendant's request must be seen for what it is -- an attempt to delay the progress of this case. As alleged in the Complaint, and as noted in our October 28, 2009 letter to the Court (Document No. 4), this case involves continuing harmful conduct directed by Defendant at Plaintiff. Indeed, just last week 22 brokers resigned from Plaintiff immediately after they received their distribution from a multi-million dollar bonus pool. Thus, Plaintiff continues to suffer harm and has every right to a normal progression of this case. On the other hand, Defendant cites no hardship arising out of its mere performance of the normal obligations of a litigant in this District including, but not limited to, those obligations set forth in Your Honor's November 5, 2009 Order.

   For the foregoing reasons, it is respectfully requested that the Court deny Defendant's request set forth in its November 23, 2009 letter.

             Respectfully submitted,

             Joseph A. Boyle

JAB:mc
cc:  All Counsel of Record (via ECF)